# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

ERIC MITCHELL BLANTON,

    Plaintiff,

v.

SAMUEL S. OLENS; THERESE S. BARNES; STEPHEN B. BRIGHT; and UNKNOWN,

    Defendants.

CIVIL ACTION NO.: 2:16-cv-94

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Appling County Detention Center in Baxley, Georgia, filed this action pursuant to 42 U.S.C. § 1983. A prisoner proceeding in a civil action against officers or employees of government entities must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. After review, I find that Plaintiff has not complied with the PLRA. Therefore, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*, (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** this action, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S ALLEGATIONS

Plaintiff filed this Complaint against Defendants regarding their alleged actions during Plaintiff's case in the Supreme Court of Georgia. (Doc. 1.) In his Complaint, Plaintiff asserts that Defendants denied him access to the Courts, violated his privacy, and violated his First and Fourth Amendment rights. (Id. at p. 5.) Plaintiff states that he is suing Defendants Barnes and Bright for "refusing to provide Plaintiff with all documents filed in Case No. S11D1393." (Id. at

p. 4.) Plaintiff is suing Defendant Olens because "he is a member of the Attorney General's Office" and violated Plaintiff's First Amendment right. Plaintiff provides no further details regarding these allegations.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i)–(ii); Grayson v. Mayview State Hosp., 293 F.3d 103, 113 n.19 (3d Cir. 2002) (non-prisoner indigent plaintiffs are "clearly within the scope of § 1915(e)(2)"); Dutta-Roy v. Fain, No. 1:14-CV-280-TWT, 2014 WL 1795205, at *2 (N.D. Ga. May 5, 2014) (frivolity review of indigent non-prisoner plaintiff's complaint).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the

complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

**I.  Dismissal of Complaint Pursuant to Section 1915(g)**

28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a
> civil action or proceeding under this section if the prisoner has, on 3 or

3

> more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Furthermore, dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process"). Section 1915(g) "requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera, 144 F.3d at 731. Therefore, the proper procedure for a district court faced with a prisoner who seeks *in forma pauperis* status but is barred by the three strikes provision is to dismiss the complaint without prejudice. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). The Eleventh Circuit upheld the constitutionality of Section 1915(g) in Rivera. In so doing, the Court concluded that Section 1915(g) does not violate an inmate's rights to access to the courts, to due process of law, or to equal protection, or the doctrine of separation of powers. Rivera, 144 F.3d at 721–27.

A review of Plaintiff's history of filings reveals that he has brought at least three civil actions or appeals which were dismissed and count as strikes under Section 1915(g):

- R&R and Order, Blanton v. Deloach, No. 2:15-cv-40 (S.D. Ga. Dec. 9, 2015), ECF Nos. 26, 28 (dismissing Plaintiff's case under three strikes provision of PLRA);

- Order, Blanton v. John Lee, et al., No. 6:10-cv-51 (S.D. Ga. March 30, 2011) (dismissal for failure to state a claim);

- Blanton v. Kight, 1:10-cv-1783 (N.D. Ga. Aug. 2, 2010) (dismissal as frivolous);

- Blanton v. John Lee, et al., No. 6:10-cv-51 (S.D. Ga. July 29, 2010) (dismissal for failure to follow court order); and

- Blanton v. John Lee, et al., No. 6:10-cv-40 (S.D. Ga. July 29, 2010) (dismissal for failure to follow court order).

Because Plaintiff has filed at least three previously dismissed cases or appeals which qualify as strikes under Section 1915(g), Plaintiff may not proceed *in forma pauperis* in this action unless he can demonstrate that he meets the "imminent danger of serious physical injury" exception to Section 1915(g).

"In order to come within the imminent danger exception, the Eleventh Circuit requires 'specific allegations of present imminent danger that may result in serious physical harm.'" Odum v. Bryan Cty. Judicial Circuit, No. CV407-181, 2008 WL 766661, at *1 (S.D. Ga. Mar. 20, 2008) (quoting Skillern v. Jackson, No. CV606-49, 2006 WL 1687752, at *2 (S.D. Ga. June 14, 2006) (citing Brown v. Johnson, 387 F.3d 1344, 1349 (11th Cir. 2004))). General and conclusory allegations not grounded in specific facts indicating that injury is imminent cannot invoke the Section 1915(g) exception. Margiotti v. Nichols, No. CV306-113, 2006 WL 1174350, at *2 (N.D. Fla. May 2, 2006). "Additionally, 'it is clear that a prisoner cannot create the imminent danger so as to escape the three strikes provision of the PLRA.'" Ball v. Allen, No. 06-0496, 2007 WL 484547, at *2 (S.D. Ala. Feb. 8, 2007) (citing Muhammad v. McDonough, No. CV306-527-J-32, 2006 WL 1640128, at *1 (M.D. Fla. June 9, 2006)).

Plaintiff's Complaint makes no allegations about an imminent risk of physical danger, much less any facts supporting such an allegation. Therefore, Section 1915(g) bars Plaintiff from proceeding *in forma pauperis* in this case, and the Court should **DISMISS** this case.

## II. Dismissal for Failure to State a Claim

In order to state a claim for relief under Section 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. Moreover, the Eleventh Circuit has stated that the district courts are not required to "sift through the facts presented and decide for itself which were material to the particular cause of action asserted." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (quoting Strategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 n.9 (11th Cir. 2002) (citations omitted)).

In this case, Plaintiff does not provide sufficient facts from which the Court could infer that Plaintiff's rights have been violated. Plaintiff simply makes several conclusory statements that Defendants violated his First and Fourth Amendment rights. He provides no specific dates for when the alleged injury occurred and states the place of alleged injury as "unknown." (Doc. 1, p. 6.) In fact, Plaintiff provides no answer at all when asked what events gave rise to his claims. (Id.) This failure to state a claim provides another independent basis for the Court to dismiss this action.

## III. Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

---

[1] A certificate of appealablity is not required in this Section 1983 action.

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Moreover, as a "three striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner. Thus, the Court should deny him *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons laid out above, the Court **DENIES** Plaintiff's Motion to Proceed *In Forma Pauperis*, (doc. 2). Additionally, I **RECOMMEND** that the Court **DISMISS** this action, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address

any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report to which objection are made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 15th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

8